IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DEANN HUGHES                                                                    PLAINTIFF

V.                                                    CIVIL ACTION NO. 1:14-CV-109-SA-DAS

DYNCORP INTERNATIONAL, LLC                                                    DEFENDANT

ORDER

This matter comes before the Court on Defendant Dyncorp's motions in limine to exclude evidence purporting to establish a pattern or practice of discrimination [65], and evidence that a prior employer accommodated the Plaintiff's class schedule [69]. The Plaintiff responded [71, 72] and the Defendant replied [73, 74], making these motions ripe for review.

*Motion to Exclude Pattern and Practice Evidence*

Based on the briefing in this case it is likely that the Plaintiff will seek to introduce evidence at trial that the Plaintiff and her former supervisor Duncan, were the only African American managerial employees at any of the ten sites operated by the Defendant employer, that the Plaintiff was the only female managerial employee, and that Duncan and the Plaintiff were the only managerial employees ever to be suspended by the Defendant. The Defendant now seeks to exclude this evidence arguing that it is irrelevant and that its prejudicial effect outweighs its probative value. The Plaintiff indicated that she may seek to use this evidence in both statistical and comparative ways.

A plaintiff may use statistical evidence in a disparate treatment case "to show that an employer's justification for a discriminatory act is pretext." *Hollins v. Premier Ford Lincoln Mercury, Inc.*, 766 F. Supp. 2d 736, 752 (N.D. Miss. 2011) (citing *Plemer v. Parsons–Gilbane*, 713 F.2d 1127, 1137 (5th Cir. 1983)). However, the Supreme Court has made clear that "[t]he

probative value of statistical evidence ultimately depends on all the surrounding facts, circumstances, and other evidence of discrimination." *Hollins*, 766 F. Supp.at 752 (citing *Int'l Bd. of Teamsters v. United States*, 431 U.S. 324, 340, 97 S. Ct. 1843, 52 L. Ed. 2d 396 (1977)).

Similarly, evidence of disparate treatment, that other similarly situated employees were treated differently, can be used to establish that an employer's stated reason for taking an adverse action against an employee is pretextual. *Rutland-Simpson v. Eli Lilly & Co.*, 575 F. App'x 314, 318 (5th Cir. 2014) (citing *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001)).

Federal Rule of Evidence 401 states "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. Based on these authorities, the Court finds that so long as the Plaintiff provides an appropriate foundation and context at trial, this evidence is relevant and will not be excluded at this time.

Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is *substantially outweighed* by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. FED. R. EVID. 403. (emphasis added) The Defendant argues that the introduction of Duncan's suspension could result in a "mini-trial" over the reasons and circumstances for Duncan's suspension, and confuse the jury. Because, based on the current record, it does not appear that the circumstances surrounding Duncan's suspension are in dispute, this argument by the Defendant is not well taken.

The Defendant next argues that evidence of Duncan's suspension is prejudicial and will confuse the jury because evidence of allegedly bad treatment of Duncan is not admissible under Federal Rule of Evidence 403 to prove bad treatment of the Plaintiff. The Defendant relies on

*Schrand v. Fed Pac. Elec. Co.*, 851 F.2d 152 (6th Cir. 1988) to support their argument. *Schrand* is easily distinguishable from the instant case. The *Schrand* Court excluded evidence of bad treatment of "two employees of a national concern, working in places far from the plaintiff's place of employment, under different supervisors." *Schrand v. Fed. Pac. Elec. Co.*, 851 F.2d 152, 156 (6th Cir. 1988). In the instant case, Duncan was the Plaintiff's immediate supervisor, and it is alleged that they were both suspended at the same time for the same reasons. The Plaintiff cites to numerous cases distinguishing *Schrand* on this basis. *See Lewis v. Home Depot U.S.A., Inc.*, No. CIV A-06-CA-058LY, 2007 WL 1100422, at *2 (W.D. Tex. Apr. 10, 2007) (allowing evidence offered by plaintiff that coworker worked under the very supervisor he alleges discriminated against him, and was terminated under similar circumstances as him), *and Robinson v. Runyon*, 149 F.3d 507, 514 (6th Cir. 1998) (distinguishing *Schrand* on a similar basis). Because the factual bases for Duncan and the Plaintiff's suspensions share common facts, the Court finds the logic of these cases distinguishing *Schrand* persuasive and will not exclude this evidence on this basis at this time. For these reasons, the Defendant's motion to exclude pattern and practice evidence is denied.

*Motion to Exclude Class Schedule Accommodation Evidence*

Based on the briefing it is likely that the Plaintiff will seek to introduce evidence at trial that her previous employer, the Defendant's predecessor, accommodated her class schedule by allowing her to adjust her working hours. The Defendant objects to the introduction of this evidence arguing that it is irrelevant and its prejudicial effect outweighs its probative value. The Plaintiff alleges that her previous employer allowed her flexible working hours so that she could attend classes. Much of the dispute in the instant case surrounds the Plaintiff's requests for a similar accommodation from the Defendant. Plaintiff worked for her previous employer, L-3, for

a number of years before the Defendant took over L-3's contract. Although the Plaintiff had a new employer, her duties, immediate supervisor, and the vast majority of her coworkers and subordinates remained the same. Because it is unclear at this time precisely how the Plaintiff may seek to use evidence of her prior employer's accommodation at trial, the Defendant's motion to exclude will be denied. This ruling is in no way indicative of how the Court may rule on a similar objection at trial, depending on the case ultimately presented.

*Conclusion*

For all the reasons state above, the Defendant's Motion to exclude evidence purporting to establish a pattern or practice of discrimination [65] is DENIED.

Defendant's Motion to exclude evidence that a prior employer accommodated plaintiff's class schedule [69] is also DENIED.

SO ORDERED this the 23rd day of August, 2016.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE